## Eberlin, Appellant, v. Philadelphia Electric Co.

Argued January 12, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*William S. Fenerty,* with him *Edward J. Darreff,* for appellant.

*John P. Connelly,* for appellee.

PER CURIAM, February 3, 1932:

Plaintiff appeals from the refusal of the court below to strike off the nonsuit entered in his action to recover damages for injuries alleged to have been received from a contact with defendant's electric wires.

Plaintiff was seriously injured while engaged in hoisting shafting from the street into a third floor window of a building at Second and Westmoreland Streets, Philadelphia, using, for the purpose, a block and tackle extending two feet or more from a window on the fifth floor of the building. Located above the sidewalk, six and a half feet from the side of the building and parallel with it, $45\frac{1}{2}$ feet above the pavement, and about two feet above the level of the third floor ceiling, defendant owned and used a high power electric wire, installed under permit of the city electrical bureau. The shafting, about twelve feet long and two feet in diameter, was hoisted by horse power until in a position where plaintiff and a fellow workman at the third floor window were able to grasp the device and place it inside the building. As they took hold of the shaft to draw it into the building, there was a flash of fire and both were thrown to the floor, sustaining serious burns.

Plaintiff's statement of claim avers his injuries were caused by transmission of high voltage electric current from defendant's wire through the machinery being hoisted, and that the wire was erected in violation of state laws. The court below found and the record shows there was no direct evidence of the cause of the acci-

dent or to prove negligence in the condition and operation of the electric company's wire at the time, or that it was not maintained according to law. No one saw a contact of the machinery with the electric wire alleged to have been the cause of the accident, and we find no evidence to prove that it could not possibly have come in contact with other wires transmitting electricity.

In summing up the evidence presented by the record, the court below, in its opinion refusing to take off the nonsuit, says: "There was nothing in this case to indicate any specific duty with reference to the stringing of high power wires in the City of Philadelphia, so that we must assume it was lawful and not unusual to erect and operate wires of this character within the city and along the highways of Philadelphia. For these reasons alone the court could not do otherwise than grant the compulsory nonsuit. In addition to this, however, the plaintiff had worked around this building for a period of years, during which the wires were being operated by the defendant. He had worked there on the day in question from nine o'clock in the morning until two or two-thirty in the afternoon and had made a number of lifts of material of similar character, evidently without danger to himself, through the same window. He had been warned by his superior to be careful with respect to these wires. Under these facts he not only has failed to show neglect of any duty the defendant owed to the plaintiff, but he presents a case in which he himself is chargeable with contributory negligence. In the exercise of his ordinary senses he must have known the wires were there, but in addition to this he was given warning by his foreman. Having done the same work before, on the same day, in the making of the last lift, which resulted in his injury, he must have failed to exercise the same care and precaution he exercised in making the prior lifts."

The order of the court below refusing to strike off the nonsuit is affirmed.